THOMAS HIGHTOWER et al. *v.* A. H. TAYLOR.

LIEN: ENROLMENT ACT OF 1844: CONSTABLES NOT BOUND BY.—The 9th section of the enrolment law of 1844 (see Hutch. Dig. p. 892), which requires sheriffs and coroners to examine the judgment roll, and appropriate the proceeds of a sale of property made by them, to the satisfaction of that judgment against the defendant which appears to have a prior lien, does not apply to constables, making sales under executions emanating from judgments rendered by justices of the peace; and hence, if a constable make a sale, and appropriate the proceeds to the judgment under which it was made, he will not be liable to a creditor, whose judgment was a superior lien on the property.

ERROR to the Circuit Court of Chicasaw county. Hon. Joel M. Acker, judge.

*T. S. Evans,* for plaintiff in error,

Contended that the 9th section of the Act of 1844, Hutch. Dig. p. 892, did not apply to constables.

*C. B. Balwin,* contra,

Cited and relied on *Brian* v. *Davidson,* 25 Miss. R. 213; *Stevens* v. *Mangum,* 27 Ib. 481.

SMITH, C. J., delivered the opinion of the court.

This was originally a contest, in a magistrate's court, between parties claiming the proceeds of an execution sale. The facts of the case were agreed on by the parties. It appears that Charles C. Dibrell, on the 14th of October, 1854, recovered a judgment against one Goggin, before Wood, a justice of the peace for Chicasaw county. Dibrell's judgment was enrolled in the office of the Clerk of the Circuit Court for said county, in December, 1854;

and, on the 20th of October, 1855, an *alias* execution was issued on the judgment, and placed in the hands of Hightower, a constable for Chicasaw county, who, on the 8th of November, 1855, levied it upon the property of Goggin. The property was sold by Hightower, under the execution, and the proceeds of the sale applied in payment of Dibrell's judgment.

A. H. Taylor had recovered a judgment against Goggin, on the 28th of October, 1854, before one Steele, another justice of the peace for said county, but which was enrolled on the 8th of November, 1854. The execution on Taylor's judgment was never levied on Goggin's property; and Hightower had no actual notice of it, or of its prior enrolment, when he sold under Dibrell's execution, and applied the money arising from the sale.

Under these circumstances, Taylor, claiming the proceeds of the sale, entered his motion before Steele, to compel Hightower to apply them in satisfaction of his own judgment. The motion was sustained, and a judgment entered against Hightower, for the amount made by the sale. Whereupon Hightower appealed to the Circuit Court, in which the motion was again sustained, and judgment accordingly entered against Hightower. To reverse which, this writ of error is prosecuted.

As the Act of the 24th February, commonly called the "enrolment law," is held to apply to judgments rendered by justices of the peace, the question to be determined, in this case, is, whether the provisions of the ninth section of the statute above referred to, apply to constables, as well as to sheriffs and coroners.

That section, in terms, embraces only sheriffs and coroners. It is, hence, only by implication or inference, that it can be held to apply to constables, so as to impose upon them the same duties required of sheriffs and coroners, in regard to the paying over money, levied upon executions, placed in their hands. The very great and unavoidable inconvenience, and the frequent delays, in the payment of money made upon executions issuing from justices' courts, which would result from such a construction, forbid its adoption, in the absence of any direct expression of the legislative will upon the subject. If the execution of Taylor had been placed in the hands of the sheriff or coroner, *it* would have been his duty to have examined the "judgment roll" in the clerk's office, and to have

applied the money to the satisfaction of his judgment, if it was entitled to priority of loan. And for a failure to do so on the part of the sheriff or coroner, Taylor would have been entitled to his remedy against him. In regard to Hightower, it is clear that he was not entitled to maintain the motion.

Let the judgment be dismissed, and the motion overruled in the court below.